ELLIS, Judge.
This is an appeal by Mrs. Patricia S. Rogers from the action of the State Civil Service Commission in dismissing her appeal to it.
Mrs. Rogers was employed by Central Louisiana State Hospital in the position of Occupational Therapist 1. She applied to have her classification reallocated to that of Vocational Rehabilitation Senior Instructor. After a desk' audit of her job was conducted, she was notified that her position was being reallocated to the class of Vocational Rehabilitation Facility Instructor.
On January 3, 1974, Mrs. Rogers requested a hearing before the Director of Personnel of the Civil Service Department, to review the failure to reallocate her position as originally requested. On January 18, 1974, without having granted a hearing, the Director advised Mrs. Rogers that he affirmed the finding of his staff that her position was correctly allocated to the class of Vocational Rehabilitation Facility Instructor.
On February 13, 1974, Mrs. Rogers appealed the decision of the Director to the State Civil Service Commission. The letter of appeal reads, in part, as follows:
“Mrs. Rogers is aggrieved by the decision for several reasons:
“(1) The job activity which she has been engaged in for several years is that of a Vocational Rehabilitation Facility Senior Instructor, even though this is not her present job title, nor is she being paid in accordance with that scale.
“(2) No hearing or opportunity to be heard was had on her application before Mr. Forbes, or any other group, in order to permit her to prove her claim that her position should be reclassified and reallocated.
“(3) Request for a hearing was made to Mr. Forbes by the Director of Personnel.
*679 “(4) Mrs. Rogers has been discriminated against by the allocation or failure to properly allocate her position to a higher class, when in truth she is performing the duties of this higher class.
“(5) The action of the Director of Personnel in failing to reallocate her position is discriminatory against Mrs. Rogers by the Director.
“The position that Mrs. Rogers presently holds and has held for some time requires by her the formulation and implementation of evaluation and training programs to meet the needs of vocational rehabilitation patients, and affords guidance and advice to faculty instructors. The job she presently holds is distinctive from the duties of an Occupational Therapist 1, or Vocational Rehabilitation Facility Instructor, the title of her present position. “We understand that Mrs. Rogers’ position was reallocated to Vocational Rehabilitation Facility Instructor with an increase in salary, however, her duties entitle her to the position of Senior Instructor and the title should be so reallocated.”
The Director then filed a motion to dismiss the appeal on the grounds that Mrs. Rogers had no right to appeal from the refusal of the Director to reallocate her position as requested, and that her letter of appeal contained no factual allegations to support the conclusion that she had been discriminated against. After a hearing, the Commission granted the motion and dismissed the appeal, and this appeal followed.
Article 14, Section 15(1)(b) of the .Constitution of 1921, provides that the Commission adopt a classification plan, and that the Director, with the approval of the Commission, allocate the positions of the employees in the classified service to one of the positions in the plan. As necessitated by changes in the plan, the Director is empowered to make reallocations of positions It further pro-to new or existing classes, vides:
“Thereafter, as new positions are created or additional classes are established, or existing classes are divided, combined, altered or abolished, the Director shall make such allocations or reallocations of positions to new or existing classes as are necessitated thereby.”
Article 14, Section 15(0) (2) gives to those employees who allege they have been deprived of their rights or discriminated against the right to appeal to the Commission.
Rule 5.3 of the Civil Service Rules reads as follows:
“(a) Employees affected by the allocaj tion or reallocation of a position to a class shall be afforded a reasonable opportunity to be heard thereon by the Director
“(b) After having been heard by the Director, and within thirty (30) days following notification to him of the Director’s decision, the affected employee may appeal to the Commission under the provisions of Chapter 13 of these Rules.”
Rule 13.10(d) of the Civil Service Rules provides:
“An appeal may be made to this Commission by
“(d) Any person who alleges that he has been discriminated against by the allocation or reallocation of a position to a class, or by the Classification Plan or any change thereof, and who shall have failed to obtain relief after a written request for a hearing thereon by the Director as provided in Rule 5.3.”
In its opinion, the Commission found that the right of appeal granted in Article 14, Section 15 (I) (b) of the .Constitution of 1921, quoted above, is limited to situations in which the Director has made a change in the general classification plan *680 which results in the reallocation of various positions. The Commission was of the opinion that it did not apply to a “piecemeal, individual reallocation which the Director, on an employee’s request, is empowered to make without Commission approval.”
We think it clear from the Constitutional provisions above referred to that after the adoption of the classification plan, the Director is authorized to reallocate positions to different classes as he deems appropriate. Rule 5.2(a) of the Civil Service Rules provides:
“The Director, as soon as practicable after the adoption of a classification plan hereunder, after consultation with the appointing authorities concerned, shall allocate each position in the Classified Service to its appropriate class, and thereafter shall allocate each new position in such services to its appropriate class, and may reallocate positions from class to class.”
Rule 5.3, quoted above, grants to employees “affected by” such a reallocation the right to a hearing before the Director and a subsequent appeal to the Commission. We find no language which limits either of these rights only to reallocations resulting from a change in the classification plan.
Mrs. Rogers requested and was granted a reallocation of her position. She was aggrieved because she did not receive all of the relief requested. We find that, as an employee “affected by” a reallocation, she has a right to a hearing before the Director, and to appeal from his decision to the Civil Service Commission.
Since we have so concluded, we need not consider the other questions presented by this appeal.
The opinion appealed from is therefore reversed, and the case is remanded to the Civil Service Commission for further proceedings in accordance with law.
Reversed and remanded.